# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **GABRIEL SAQUIC CAHUEX,** | **Case No. 26–cv–02339–ESK** |
| **Petitioner,** | |
| **v.** | **OPINION AND ORDER** |
| **KRISTI NOEM,** *et al.*, | |
| **Respondents.** | |

**THIS MATTER** is before the Court on petitioner Gabriel Saquic Cahuex's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition) (ECF No. 1) and this Court's March 6, 2026 order (ECF No. 2.)   Respondents oppose the Petition.   (ECF No. 3.)

1.    Petitioner is a citizen of Guatemala.   (ECF No. 1 ¶ 1.)   He entered the United States on May 14, 2014.   (*Id.*)

2.    On August 12, 2019, he was granted withholding of removal under Article III of the Convention Against Torture (CAT) Act.   (*Id.* ¶ 2.)

3.    His spouse filed an I-130 Petition for Alien Relative so petitioner could obtain residency on or about March 31, 2023. (*Id.* ¶ 3.) That application is still pending.   (*Id.*)

4.    On February 5, 2026, Immigration and Customs Enforcement (ICE) detained petitioner in Newark, New Jersey.   (*Id.* ¶ 4.)   He has no criminal record.   (*Id.* ¶ 5.)

5.    Respondents filed an answer on March 11, 2026 arguing that petitioner is properly detained pursuant to 8 U.S.C. § 1231(a)(1) because he has a final order of removal and is within the 90-day mandatory detention period. (ECF No. 3 pp. 1, 2.)

6.    Section 1231 states in relevant part that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A).   This 90-day detention is mandatory.   *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) ("While removal proceedings are in progress, most aliens may be released on bond or paroled.   After entry of a final removal

order and during the 90-day removal period, however, aliens must be held in custody." (internal citation omitted)).

7.    Petitioner argues that the removal period is long since expired as his removal order became final over seven years ago.   (ECF No. 4 ¶ 6.)

8.    "The removal period begins on the latest of the following: (i) The date the order of removal becomes administratively final. (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court's final order. (iii) If the [noncitizen]is detained or confined (except under an immigration process), the date the [noncitizen] is released from detention or confinement."   8 U.S.C. § 1231(a)(1)(B).   As there is no evidence that the removal order was ever stayed or that petitioner was confined for a reason other than immigration proceedings, the removal period began on the date petitioner's removal order became final.   Therefore, the removal period—during which petitioner's detention was mandatory—expired on November 10, 2019.

9.    ICE is not required to release the noncitizen once the removal period has expired, however, but "[d]ue process rights may be implicated where ... there is no significant likelihood of removal in the reasonably foreseeable future."   *Cepeda v. I.N.S.*, 273 F. Supp. 2d 222, 224 (E.D.N.Y. 2003) (citing *Zadvydas*, 533 U.S. at 701).   The presumptively permissible timeframe for post-removal-period detention is six months.   *Zadvydas*, 533 U.S. at 701.

10.    However, "[a]lthough the Supreme Court established a six-month period of presumptively reasonable detention, it did not preclude a detainee from challenging the reasonableness of his detention before such time." *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 395 (D.N.J. 2025); *see also Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020) ("This six-month presumption is not a bright line, ... and *Zadvydas* did not automatically authorize all detention until it reaches constitutional limits."); *Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018) ("The six-month *Zadvydas* presumption is just that—a presumption ... not a prohibition on claims challenging detention less than six months." (internal quotation marks omitted)); *Cesar v. Achim*, 542 F. Supp. 2d 897, 903 (E.D. Wisc. 2008) ("The *Zadvydas* Court did not say that the presumption is irrebuttable, and there is nothing inherent in the operation of the presumption itself that requires it to be irrebuttable.")

11.    Petitioner is married to a lawful permanent resident and has a child who is a United States citizen.   (ECF No. 4–1 pp. 9, 10.)   His residency application has been pending for three years.   (ECF No. 1 ¶ 3.).

2

12.   Respondents have submitted no evidence that petitioner's removal is reasonably foreseeable.[1]   His proceedings "may take many months to resolve given the influx of immigration habeas cases filed in this District and throughout the country, delaying [p]etitioner's removal." *Delcid-Santos v. Soto*, No. 26–cv–1382, 2026 WL 636814, at *2 (D.N.J. Mar. 6, 2026).

13.   Section 1231 permits a noncitizen to be released "subject to conditions of supervised release." 8 U.S.C. § 1231(a)(3)). I find that petitioner's strong ties to his community, respondents' failure to support the legality of petitioner's detention or provide a valid basis for keeping him under detention, and the likely delays in petitioner's removal proceedings warrant release on appropriate conditions of supervised release.

Accordingly,

**IT IS** on this   **17th** day of **March 2026   ORDERED** that:

1.   Petitioner's § 2241 Petition is **GRANTED**.

2.   Within 48 hours, respondents shall **RELEASE** petitioner subject to conditions of supervised release, 8 U.S.C. § 1231(a)(3), and with all clothing and outerwear worn at the time of detention, or other appropriate attire.

3.   Respondents shall return to petitioner all personal property belonging to petitioner—including, but not limited to, any driver's license, passport, immigration documents, currency, or cellphone—that was seized at the time of detention and that is currently in their custody, possession, or control, whether maintained directly by respondents or by any contracted or affiliated facility, and that such property shall be returned in the same condition as it existed immediately prior to petitioner's detention.

4.   Respondents shall file a letter on the docket confirming the date and time of petitioner's release and that the conditions set forth above have been satisfied.

---

[1] The documents submitted with respondents' answer refer to an entirely different noncitizen.   (*See generally* ECF Nos. 3–1, 3–2.)

5.    The Clerk shall **CLOSE** this case.

                   */s/ Edward S. Kiel*

                   **EDWARD S. KIEL**
                   **UNITED STATES DISTRICT JUDGE**